**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TERRI JUDGE-GILMORE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 1:10-cv-11600-NMG |
| v. ) | |
| ) | |
| BANK OF NEW YORK MELLON, and ENCORE ) | |
| CREDIT RECEIVABLES TRUST 2005-1 ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER OF BANK OF NEW YORK MELLON AND ENCORE CREDIT
RECEIVABLES TRUST 2005-1**

**Jurisdiction and Venue**

1.     Admitted.

2.     Admitted.

**Parties**

3.     Admitted.

4.     Admitted.

5.     Encore admits that it is a Trust and denies the address for the Trust.  The Trust holds the Note.

6.     Admitted that Select Portfolio Services, Inc. is not listed as a Defendant.

## Brief Facts

Encore

7.      Encore admits that it holds the note.  A foreclosure auction took place during a chapter 13 bankruptcy.  The foreclosure sale was not completed.

8.      The Defendants do not understand what is being alleged in this paragraph and therefore deny same.

9.      The Defendants do not understand what is being alleged in this paragraph and therefore deny same.

Bank of New York

10.      The loan at issue is eligible for modification under the HAMP program.

11.      Admitted.

12.      The TARP guidelines speak for itself

13.      The HAMP guidelines speak for itself

14.      Paragraph 14 is a conclusion of law to which no answer is required.  The guidelines speak for itself.

15.      Denied.

16.      Paragraph 16 is a conclusion of law to which no answer is required.  The guidelines speak for itself.

17.      Denied.

Terri Judge-Gilmore

18.      Defendants lack of knowledge or information sufficient to form a belief as to this allegation and therefore deny same.

19.     Defendants lack of knowledge or information sufficient to form a belief as to this allegation and therefore deny same.

20.     Defendants lack of knowledge or information sufficient to form a belief as to this allegation and therefore deny same.

21.     Admitted, except that approval was granted in January, 2010.

22.     Denied.

23.     Denied

24.     Plaintiff tendered the sum of $1,487.00 for January.

25.     Plaintiff made payments for January, February, and March, 2010. The remaining allegations of this paragraph are denied.

26.     Plaintiff's application was denied in April due to her failure to submit proper documentation. Her tendered payment was returned.

27.     Denied.

28.     Admitted.

29.     Defendants admit that Ablitt Scofield acted as foreclosure counsel. Defendants do not know when Ablitt was notified of the bankruptcy. Defendants deny that Ablitt waited until after the bankruptcy was dismissed to send a latter to Plaintiff dated August 2, 2010.

30.     Defendants admit that an auction took place, but deny that the property was sold.

31.     This allegation calls for speculation and is therefore denied.

32.     Defendants deny that plaintiff submitted the required documentation in order to be approved for HAMP.

## Count I
### Violation of the Fair Debt Collection Practices Act ("FDCPA")

33.     Defendants repeat their prior responses to paragraphs 1-32 of the

Complaint.

34.     Denied.

## Count II
### Violation of the Truth in Lending Act (as amended by the Home Ownership and Equity Protection Act ("HOEPA")

35.     Defendants repeat their prior responses to paragraphs 1-34 of the

Complaint..

36.     Denied.

37.     Denied.

## Count III
### Violation of the Massachusetts Consumer Credit Cost Disclosure Act

38.     Defendants repeat their prior responses to paragraphs 1-37 of the

Complaint.

39.     Denied.

40.     Denied.

## Count IV
### Violation of the Massachusetts Consumer Protection Act

41.     Defendants repeat their prior responses to paragraphs 1-40 of the

Complaint.

42.     Denied.

**Count V**
Breach of Contract

43.     Defendants repeat their prior responses to paragraphs 1-42 of the

Complaint.

44.     Denied.

45.     Denied

**Count VI**
Breach of Implied Covenant of Good Faith and Fair Dealing

46.     Defendants repeat their prior responses to paragraphs 1-45 of the

Complaint.

47.     a. Denied.

b. Denied.

c. Denied.

d. Denied.

e. Denied.

48     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

**Count VII**
Intentional Infliction of Emotional Distress

52.     Defendants repeat their prior responses to paragraphs 1-51 of the

Complaint. Denied.

53.     Denied.

54.     Denied.

## Prayer for Relief

WHEREFORE, the Defendants request:

1.      A judgment of dismissal on all counts of the Complaint, with prejudice, and with an award of attorneys' fees and costs to the Defendants; and

2.      Such further relief as this Court may deem just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which may be granted.

### SECOND AFFIRMATIVE DEFENSE

Service of process has not been properly effectuated.

### THIRD AFFIRMATIVE DEFENSE

The claims are barred by the applicable statute's of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The claims should be dismissed because Plaintiff failed to comply with the requirements

of the HAMP program.

### FIFTH AFFIRMATIVE DEFENSE

The claims should be barred because Plaintiff did not sustain damages.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff sustained damage, the damages were caused by an entity for

whom the defendants are not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

The claims should be denied for failure to comply with the demand letter requirements

for a claim under chapter 93A.

### EIGHT AFFIRMATIVE DEFENSE

The FDCPA is inapplicable to a creditor collecting its own debt.

### NINTH AFFIRMATIVE DEFENSE

TILA is inapplicable to the loan modification process.

### TENTH AFFIRMATIVE DEFENSE

The MCCCDA is inapplicable to trial plan payments.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief due to her own unclean hands.


Respectfully submitted,

BANK OF NEW YORK MELLON AND
ENCORE CREDIT RECEIVABLES
TRUST
2005-1
By their attorneys,


*/s/ David M. Rosen*
David M. Rosen, BBO# 552866
drosen@princelobel.com
**PRINCE, LOBEL, GLOVSKY & TYE LLP**
100 Cambridge Street, Suite 2200
Boston, MA 02114
Dated:  November 2, 2010          Tel:  617.456.8000

## CERTIFICATE OF SERVICE

      I, David M. Rosen, certify that a true and accurate copy of the foregoing document was filed through the Court's ECF system this 2nd day of November 2010.  I further certify that a true and accurate copy of the foregoing document was served by first-class mail, postage prepaid, to the following non CM/ECF participants in this action on November 2, 2010:

E. James Perullo, Esq.
167 Beech Street, #1
Manchester, NH 03103


                                                            */s/ David M. Rosen*
                                                            David M. Rosen